IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-139-1
NO. 7:08-CR-139-2
NO. 7:08-CR-139-3
NO. 7:08-CR-139-4
NO. 7:08-CR-139-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| LORENZO JAIMES-CRUZ; FREDY ) | ORDER |
| JAIMES-CRUZ; ADOLFO JAIMES- ) | |
| CRUZ; SAUL ROJAS CAVILLO; and ) | |
| GENARO LARA-SALGADO, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendant Saul Rojas Cavillo's motion to sever (DE # 193), filed June 26, 2009. All co-defendants charged in the indictment have filed motions to join in this motion (DE ## 194, 195, 198, 200). On June 30, 2009, the government filed response to defendants' motion.[1] In this posture, the matter is ripe for ruling.

**BACKGROUND**

The government filed a 10-count indictment on December 3, 2008, charging defendants with various drug-, firearm-, and immigration-related offenses. On May 7, 2009, the government filed a 16-count superseding indictment. In order to adequately address defendants' motion to sever, the court must set out in some detail the offenses charged in those counts.

Count 1 of the indictment charges all defendants with conspiracy to distribute and possess

---

[1] The court refers to the filing at DE # 193 as the motion of "defendants" as all defendants have expressed desire to join.

with intent to distribute cocaine, and Counts 2 and 3 charge certain defendants with other drug distribution and possession with intent to distribute offenses. Count 4 charges all defendants with possession of a firearm in furtherance of a drug trafficking offense. Counts 5, 7, 9, 11, and 13 charge each defendant with eluding examination and inspection by immigration officers. Similarly, Counts 6, 8, 10, 12, and 14 charge each defendant with possession of a firearm by an illegal alien. Counts 15 and 16 charge certain defendants with maintaining, using, and controlling a building for drug distribution purposes.

**DISCUSSION**

Defendants contend that several counts in the superseding indictment are improperly joined under Federal Rule of Criminal Procedure 8(a); in the alternative, defendants contend that even if all counts are properly joined, certain counts should be severed under Federal Rule of Criminal Procedure 14(a) as joinder of them would "appear to prejudice" the defendants.

In the motion to sever, defendants conceptualize the 16 counts in the superseding indictment as falling into two distinct categories: drug-related charges (Counts 1, 2, 3, 4, 15, and 16) and immigration-related charges (Counts 5 - 14). While acknowledging that the five immigration-related counts based on possession of a firearm are properly joined with the drug-related charges, defendants argue that the other immigration-related charges (Counts 5, 7, 9, 11, and 13) are improperly joined with the drug-related charges under Federal Rule of Criminal Procedure 8(a).

Rule 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both– are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Supreme Court has expressed a preference for joint trials where permitted

by Rule 8(a), noting that "the jury obtains a more complete view of all the acts underlying the charges than would be possible in separate trials." Buchanan v. Kentucky, 483 U.S. 402, 418 (1987). Similarly, the Fourth Circuit has stated that "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial" and that "joinder is the rule rather than the exception." United States v. Mir, 525 F.3d 351, 356-57 (4th Cir. 2008).

Defendants contend that if the five "eluding examination" counts were severed from trial of the remaining counts, there would be no duplication of evidence in the separate trials. The court does not agree, as the government must show that a given defendant is an illegal alien in order to establish both the "eluding examination" offenses and the "alien in possession of a firearm" offenses. Further, as defendants concede, severing the ten immigration-related counts from the six drug-related counts[2] is also improper as, amongst other reasons, the same firearms that underlie the "use of a firearm in furtherance of drug trafficking" charges in Count 4 also serve as the basis for the "alien in possession of a firearm" charges.

The court finds that all the charges in the superseding indictment constitute part of a common plan. The drug conspiracy charged in Count One of the superseding indictment encompasses both the firearm- and immigration-related offenses. See, e.g., United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999) (holding that "[g]uns are tools of the drug trade" and "[e]vidence of gun possession and ownership is logically relevant in many drug conspiracies"); United States v. Lopez, 477 F.3d 1110, 1116 (9th Cir. 2007) (finding that various drug-related charges were properly joined with an illegal alien in possession of a firearm charge and an illegal reentry charge, as "the evidence regarding each of the charges . . . was extensively interrelated."). As all offenses charged in the

---

[2] The court uses defendants' classification of the counts for the sake of discussion; the use of these terms here should not be read as an endorsement of them.

indictment constitute part of a common plan, they are properly joined under Rule 8(a).[3]

Defendants also contend that even if all the offenses are properly joined under Rule 8(a), the court should use its discretion under Rule 14(a) to sever the drug-related counts. Rather than seeking two separate trials, defendants request that the court bifurcate trial so that the jury would first hear evidence and argument on the drug-related counts. Under defendants' proposal, only after the jury reached a verdict on those counts would it hear evidence bearing on the immigration-related counts.

Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). A defendant seeking relief under this rule "has the burden of demonstrating a strong showing of prejudice." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984). "[W]hether joinder is so prejudicial as to warrant severance is a matter committed to the discretion of the district court." Mir, 525 F.3d at 357. It is not enough, however, for a defendant to merely show that severance offers "a better chance of acquittal." United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995).

Defendants' general assertion that immigration is a "highly-charged and highly-emotional"

---

[3] While defendants only discussed Rule 8(a) in their motion to sever, there is some authority that the "Joinder of Defendants" provision of Rule 8(b) governs joinder of offenses when multiple defendants are charged. See 1A Charles A. Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal 4th § 144 ("A plain reading of the subsections might suggest that when multiple charges are brought against multiple defendants, both provisions come into play . . . . [but] the case law is relatively clear that in cases involving multiple defendants, the propriety of joinder is tested by Rule 8(b) alone and that Rule 8(a) has no application.").
    Without going so far as to determine that Rule 8(a) has no application here, the court notes that even if only Rule 8(b) is applied, all counts in the indictment are still properly joined. Rule 8(b) allows for joinder where the offenses are part of "the same act or transaction, or the same series of acts or transactions." Fed. R. Crim. P. 8(b). The prevailing view is that the phrase "series of acts or transactions" should be read to mean "the kind of relationship described in Rule 8(a), which uses the phrasing 'connected with or constitute parts of a common scheme or plan.'" 1A Wright & Leipold at § 144.

4

issue does not amount to a strong showing of prejudice, and thus they have failed to meet their burden under Rule 14(a). See Lopez, 477 F.3d at 1116 ("No law supports [defendant's] contention that the jury's knowledge that he was an illegal alien created prejudice of such magnitude that the defendant's right to a fair trial was abridged."). While a bifurcated trial may mitigate the effect of some of the inefficiencies that arise from severance, many aspects of conducting a bifurcated trial would be as problematic as conducting two separate trials. In particular, and as discussed earlier in this order, the evidence underlying the charges in the superseding indictment is so intertwined that separating the presentation of that evidence on a count-by-count basis is wholly impractical. Accordingly, the court declines to exercise its discretion under Rule 14(a) in bifurcating trial.

For these reasons, defendant Cavillo's motion to sever (DE # 193) is DENIED. In addition, the various motions to join in the motion to sever (DE ## 194, 195, 198, 200) are DENIED as moot.

SO ORDERED, this the 24th day of July, 2009

LOUISE W. FLANAGAN
Chief United States District Judge